## COMMONWEALTH vs. DERRICK ALLEN.

No. 08-P-1926.

Norfolk. November 5, 2009. - December 18, 2009.

Present: RAPOZA, C.J., SMITH, & LENK, JJ.

*Firearms. Search and Seizure, Automobile, Inventory, Container. Constitutional Law, Search and seizure.*

A District Court judge erred in allowing the criminal defendant's motion to suppress a firearm seized as a result of an inventory search of a motor vehicle, where the discovery of the firearm inside a closed but unlocked container (a box) that was located inside another closed but unlocked container (a bookbag) did not exceed the scope of the police department's written inventory search policy providing that "[a]ll unlocked containers" were to be opened and the contents inventoried separately. [23-25]

COMPLAINT received and sworn to in the Quincy Division of the District Court Department on August 31, 2006.

A pretrial motion to suppress evidence was heard by *James J. McGovern*, J.

An application for leave to prosecute an interlocutory appeal was allowed by *Judith A. Cowin*, J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by her to the Appeals Court.

*Trisha R. Lee*, Assistant District Attorney, for the Commonwealth.

*John D. Cheverie* for the defendant.

SMITH, J. On August 31, 2006, the defendant, Derrick Allen, was charged in a complaint with (1) possession of a large capacity firearm; (2) possession of a firearm with a defaced number during the commission or attempted commission of a felony; (3) possession of a firearm without an FID card; (4) vandalizing property; (5) operating a motor vehicle with a suspended license; (6) refusing to identify himself to a police officer; and (7) a motor vehicle equipment violation.

On October 11, 2007, the defendant filed a motion to suppress the firearm and certain statements made by the defendant and his codefendants. The defendant claimed that the police stop of the vehicle he was operating was improper, and that the discovery of the firearm and its subsequent seizure was the result of an improper investigatory search not permitted by, or conducted in accordance with, the police's written inventory policy.

After a hearing, a District Court judge allowed the defendant's motion to suppress the firearm, but denied the defendant's motion to suppress the statements.

The Commonwealth filed an application for an interlocutory appeal from the judge's decision, which was allowed by a single justice of the Supreme Judicial Court, pursuant to Mass. R. Crim. P. 15(b), as appearing in 422 Mass. 1501 (1996). The single justice reported the appeal to this court for determination. We summarize the facts as found by the motion judge.

On August 31, 2006, at approximately 2:13 A.M., Cohasset police officer Edward Bagley responded to a report of vandalism at an address on Cedar Street in Cohasset. As the officer approached the street, he observed a red Plymouth Neon automobile and another vehicle leaving the street. The officer proceeded to the address and observed a broken window in the house. The officer was informed by two persons that a rock had been thrown through the window and two vehicles were observed leaving the area.

The officer left the address and about two minutes later again saw the red Neon. He observed that the vehicle's rear license plate light was not functioning. The officer ran a check on the license plate and learned that the town of Milton had queried the same plate number approximately one hour earlier in connection with a report of vandalism in that town. Officer Bagley stopped the Neon for the motor vehicle infraction of defective equipment, because of the information received from Milton, and because the Neon was in the area where the crime was committed in Cohasset.

Officer Bagley approached the driver (defendant), who gave the officer a false name. Upon investigation, the officer learned the defendant's correct name, Derrick Allen, and that his license to operate a motor vehicle had been suspended. The defendant

was removed from the vehicle and arrested. Two rocks were discovered on the front passenger floor. Four other persons were also removed from the vehicle and placed under arrest.

After the arrest of all of the occupants of the vehicle, Officer Bagley proceeded to conduct an inventory search of the vehicle, including the interior.[1] He also conducted an examination of the trunk, in which he observed a closed book bag. Officer Bagley opened the book bag and found a closed container the size of a shoe or sneaker box (box). The officer opened that box and found a firearm. The vehicle was eventually towed from the scene. A detailed seven-page document entitled "MOTOR VEHICLE INVENTORIES" (inventory policy) promulgated by the Cohasset police department was placed in evidence at the hearing.

The motion judge concluded that the discovery of the firearm was made in the course of an inventory search, even though the officer may have had a subjective belief that other rocks might be found in the trunk.[2] See *Commonwealth* v. *Baptiste*, 65 Mass. App. Ct. 511, 517 (2006) (subjective belief of officer does not control). The judge ruled, however, that "the inventory policy, while reduced to writing, did not allow for the opening of a closed container within a closed container. The opening of the box within the book bag was, therefore, unlawful."

*Discussion.* "In reviewing a ruling on a motion to suppress, we accept the judge's subsidiary findings of fact absent clear error 'but conduct an independent review of his ultimate findings and conclusions of law.' " *Commonwealth* v. *Scott*, 440

---

[1] The motion judge did not make any specific finding as to whether, in fact, the vehicle was destined to be impounded at the time that the defendant and the other occupants of the vehicle were arrested. The issue of the impoundment of the vehicle has not been raised in this appeal. In any event, because of the arrest of all of the occupants, no one was available to operate the vehicle, therefore requiring it to be towed. Further, it is clear from Officer Bagley's testimony (which the judge credited) that it was his intention to have the vehicle towed from the scene, and that his intent occurred prior to the inventory search, not after the search. *Commonwealth* v. *Horton*, 63 Mass. App. Ct. 571, 576 n.4 (2005).

[2] At the hearing, the Commonwealth argued that if the judge rejected its argument that the search was an inventory search, then the judge should consider whether the search was a proper investigatory search. We need not consider that argument because the motion judge made a specific finding that the police conducted an inventory search, although the judge ruled that it was improper because it violated the inventory policy.

Mass. 642, 646 (2004), quoting from *Commonwealth* v. *Jimenez,* 438 Mass. 213, 218 (2002). The motion judge's relevant findings of fact are supported by the evidence presented at the suppression hearing and, based on those findings, we now independently review the judge's ultimate conclusion. *Commonwealth* v. *Lopes,* 455 Mass. 147, 153 (2009).

An inventory search is conducted for the purposes of "safeguarding the car or its contents, protecting the police against unfounded charges of misappropriation, protecting the public against the possibility that the car might contain weapons or other dangerous instrumentalities that might fall into the hands of vandals, or a combination of such reasons." *Commonwealth* v. *Muckle,* 61 Mass. App. Ct. 678, 682-683 (2004). *Commonwealth* v. *Vanya V.,* 75 Mass. App. Ct. 370, 373-374 (2009). Such searches are reasonable under both the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights if done in accordance with standard police operating procedures. See *Colorado* v. *Bertine,* 479 U.S. 367, 372 (1987); *Commonwealth* v. *Ellerbe,* 430 Mass. 769, 773 n.8 (2000). "Under art. 14 of the Massachusetts Declaration of Rights, those standard procedures must be in writing." *Commonwealth* v. *Ellerbe, supra.* See *Commonwealth* v. *Caceres,* 413 Mass. 749, 755 (1992) ("unlocked closed container may be searched pursuant to specific written police inventory procedures without violating art. 14"). "The purpose for requiring written procedures by which inventory searches are to be conducted is to limit an officer's discretion to 'search at will, and so lessen the possibility that police will use inventory procedures as investigative searches.' " *Commonwealth* v. *Baptiste, supra* at 515, quoting from *Commonwealth* v. *Garcia,* 409 Mass. 675, 681 (1991). The Commonwealth has the burden of establishing that the police conducted a lawful inventory search. *Commonwealth* v. *Peters,* 48 Mass. App. Ct. 15, 20 (1999).

The Cohasset police department's written inventory policy discusses the inventory process that is to be used when a vehicle is to be towed. It states in relevant part: "C. Inventory of Containers . . . 2. UNLOCKED CONTAINERS: *All* unlocked containers shall be opened and the contents shall be inventoried separately" (emphasis added).

The language of the inventory policy makes clear that the

inventory search of the closed box was proper. The box inside the closed book bag was a closed container like any other. The fact that it was inside another closed container did not render it immune from search; especially where that policy specifically stated all closed containers were subject to a search. Contrast *Commonwealth* v. *Alvarado*, 420 Mass. 542, 553 (1995) (search of water well of coffee maker found in coffee maker box exceeded scope of proper inventory search); *Commonwealth* v. *Difalco*, 73 Mass. App. Ct. 401, 402-405 (2008) (police exceeded scope of inventory policy that required locked containers to be inventoried as single unit when they used key to unlock safe found in trunk of motor vehicle); and *Commonwealth* v. *Vanya V.*, *supra* at 375 (police exceeded scope of inventory search when they destroyed locked bank bag to reveal its contents).

Here, the opening of the closed but unlocked box within the closed but unlocked book bag did not exceed the scope of the inventory policy.

*Order allowing motion to suppress reversed.*